# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2490
Lower Tribunal Nos. 2023-CT-003804 and 2023-CT-003808

_____

SEAN GABRIEL ALLEYNE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Osceola County.
Stefania C. Jancewicz, Judge.

July 17, 2026

BROWNLEE, J.

Sean Gabriel Alleyne appeals the judgment and sentence in case numbers 2023-CT-3804 and 2023-CT-3808, stemming from his global plea agreement, as well as the trial court's denial of his motion to correct sentencing error. Because the written sentences do not conform with the trial court's oral pronouncement, and because we are unable to determine the basis for the trial court's imposition of court costs in both cases, we reverse in part.

In the two cases below, Appellant entered a global plea for failing to register a vehicle and for driving with a suspended license. At the sentencing hearing, the trial court ordered Appellant "to pay court costs of [$]274, and a $50 public defender application fee" in case number 2023-CT-3804. As to case number 2023-CT-3808, the trial court ordered Appellant to pay "[$]273 in court costs" but stated "I'm waiving the application fee in this case." When the trial court issued the written judgment and sentence in case number 2023-CT-3808, however, it was inconsistent with her oral pronouncement. It directed Appellant to pay $274 in courts costs and a $50 public defender application fee. Appellant timely appealed.

While this appeal was pending, Appellant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), raising two grounds. First, he argued the sentence in case number 2023-CT-3808 failed to conform with the trial court's oral pronouncement and must be corrected. Second, he challenged the imposition of court costs in both cases because the trial court did not provide the statutory basis for the imposition of those costs.

The State filed its own motion to correct sentencing error. It conceded Appellant's written sentence must conform to the trial court's oral pronouncement and that the court erred in failing to provide the applicable statutory authority for the imposition of the court costs. But the State disagreed that the written sentence in case number 2023-CT-3808 should be corrected to eliminate the public defender

application fee. It argued the trial court lacked authority to waive that fee under the statute.

The trial court never entered an order on either motion and so both are deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B) ("[I]f the trial court does not file an order ruling on the motion [to correct sentencing error] within 60 days, the motion shall be deemed denied.").

We now review the denial of Appellant's rule 3.800(b)(2) motion de novo. *See Kim v. State*, 421 So. 3d 862, 864 (Fla. 6th DCA 2025), *review granted*, No. SC2025-1666, 2026 WL 234896 (Fla. Jan. 29, 2026) (citation omitted).

At the outset, we agree with the parties that, generally, when there is a discrepancy between the written sentence and oral pronouncement, the oral pronouncement controls. *See Rowan v. State*, 396 So. 3d 634, 635–36 (Fla. 6th DCA 2024) (citing *Guerra v. State*, 927 So. 2d 248, 249 (Fla. 2d DCA 2006); *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("This Court has held that a court's oral pronouncement of a sentence controls over the written sentencing document.")). Accordingly, as the State concedes, the $274 fee imposed in 2023-CT-3808 must be corrected to reflect $273, in accordance with the trial court's oral pronouncement.

Additionally, we note that it is impossible to determine the basis for the imposition of these court costs from the record. In this regard, Appellant and the

3

State[1] argue the trial court erred in failing to cite the statutory authority for each cost imposed. But they overlook that this court has continuously rejected "any technical requirement that citation to authority must always appear in every written cost order." *See Culbertson v. State*, 424 So. 3d 1045 (Fla. 6th DCA 2025) (citing *King v. State*, 375 So. 3d 389, 393 (Fla. 5th DCA 2023); *Spiro v. State*, 418 So. 3d 316 (Fla. 6th DCA 2025)). Instead, we have held that "due process is satisfied, and appellate review possible, when there is citation to authority in the record or when the basis for each cost is otherwise evident in the record." *Id.* (citation omitted). The problem here is that we are not able to determine the basis for each of the court-imposed costs from this record, and the parties are correct that there is no citation to any authority supporting these costs. Accordingly, we must remand for the trial court to provide a sufficient explanation of the basis for each cost imposed, in order to satisfy due process and allow for meaningful appellate review.

Finally, although we acknowledge above that a written sentence generally must conform to the trial court's oral pronouncement, we disagree with Appellant that the written sentence in case number 2023-CT-3808 must be corrected to waive the $50 public defender application fee. As the State correctly argues, that fee is mandatory. Under section 27.52, Florida Statutes,

---

[1] *See I.R. v. State*, 395 So. 3d 567, 570 (Fla. 6th DCA 2024) ("[W]e are not bound by [the State's] concessions.").

[A person seeking appointment of a public defender] *shall* pay a $50 application fee to the clerk for each application for court-appointed counsel filed. The applicant shall pay the fee within 7 days after submitting the application. If the applicant does not pay the fee prior to the disposition of the case, the clerk shall notify the court, *and the court shall*: . . . 2. Assess the application fee pursuant to s. 938.29.

§ 27.52(1)(b), Fla. Stat. (emphasis added).

Section 938.29, Florida Statutes, also makes the imposition of this fee mandatory. It provides, in relevant part:

(1)(a) A defendant who is convicted of a criminal act or a violation of probation or community control and who has received the assistance of the public defender's office, a special assistant public defender, the office of criminal conflict and civil regional counsel, or a private conflict attorney, or who has received due process services after being found indigent for costs under s. 27.52, *shall be liable for payment of the assessed application fee under s. 27.52* and attorney's fees and costs. . . . *The court shall include these fees and costs in every judgment* rendered against the convicted person.

. . . .

(c) The defendant *shall pay* the application fee under s. 27.52(1)(b) and attorney's fees and costs in full or in installments, at the time or times specified. . . .

§ 938.29(1)(a), (c) (emphasis added).

It is undisputed here that the Office of the Public Defender represented Appellant in 2023-CT-3808, and, therefore, sections 27.52 and 938.29 apply. Accordingly, the trial court was obligated to impose the $50 fee. *See Stancil v. State*, 331 So. 3d 264, 267 (Fla. 1st DCA 2021) ("[B]ecause the public defender was reappointed to represent Appellant at the probation violation hearing, we hold that

5

the trial court was required to impose an additional $50 public defender application fee pursuant to section 27.52(1)(b), Florida Statutes, which expressly provides that '[a]n applicant shall pay a $50 application fee to the clerk **for each application** for court-appointed counsel filed.'").

Because the trial court erred in waiving the $50 fee when orally pronouncing Appellant's sentence, and because the written sentence properly imposes that fee in accordance with the applicable statutes, we decline to remand for the written sentence in case number 2023-CT-3808 to conform to the oral pronouncement waiving that fee. *See Miles v. State*, 343 So. 3d 131, 133 (Fla. 2d DCA 2022) (declining to remand to conform written sentence to oral pronouncement where oral pronouncement erroneously failed to include twenty-five-year mandatory minimum sentence, and the mandatory minimum term was included in the written sentence); *Dunbar v. State*, 89 So. 3d 901, 906 (Fla. 2012) ("When a trial court fails to pronounce nondiscretionary sentencing terms, the defendant has no legitimate expectation in the finality of that sentence, at least until the reviewing court has issued a mandate or the time for filing an appeal has run.").

In light of the foregoing, we reverse the judgments and sentences in case numbers 2023-CT-3804 and 2023-CT-3808 and remand for further proceedings consistent with this opinion. Those proceedings shall take place after the mandate issues in this case.

AFFIRMED in part; REVERSED and REMANDED in part.

TRAVER, C.J., and PRATT, J., concur.


Blair Allen, Public Defender, and Joanna Beth Conner, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Stephen R. Putnam, Jr., Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED